UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RICHARD ARJUN KAUL, MD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 21-cv-10326-ADB |
| | * | |
| BOSTON PARTNERS, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Richard Arjun Kaul, MD, who is proceeding *pro se*, alleges that the defendants—a group of doctors, attorneys, judges, politicians, medical associations, insurance companies, and corporations—engaged in a vast conspiracy to strip him of his medical license.[1] See [ECF No. 1 ("Compl.")]. Currently before the Court are ten motions, filed by various defendants or groups of defendants, which assert, or seek leave to assert, multiple grounds for dismissal and/or transfer (including improper venue). See [ECF Nos. 27, 29, 38, 45, 54, 58, 61, 63, 66, 69]. For the reasons set forth below, the Court finds that the District of Massachusetts is

---

[1] The twenty-nine named defendants are: (1) Boston Partners, Inc. ("Boston Partners"); (2) State Street Corporation; (3) Christopher J. Christie, Esq.; (4) Jay Howard Solomon, Esq.; (5) the New Jersey Board of Medical Examiners (the "NJBME"); (6) Steven Lomazow, MD; (7) Andrew Kaufman, MD; (8) Peter Staats, MD; (9) Gregory Przybylski, MD; (10) Allstate Insurance Company ("Allstate"); (11) Geico General Insurance Company ("Geico General"); (12) Geico Casualty; (13) Geico Indemnity; (14) Geico (collectively, with Geico General, Geico Casualty, and Geico Indemnity, "Geico"); (15) Robert Heary, MD; (16) Marc Cohen, MD; (17) North Jersey Media Group, Inc. ("NJMG"); (18) Lindy Washburn; (19) Hackensack University Medical Center ("HUMC"); (20) Robert Garrett; (21) Atlantic Health System, Inc. ("AHS"); (22) the Congress of Neurological Surgeons ("CNS"); (23) the American Society of Interventional Pain Physicians ("ASIPP"); (24) Doreen Hafner, Esq.; (25) TD Bank, NA ("TD"); (26) Daniel Stolz; (27) John Diiorio, Esq.; (28) Richard Crist; and (29) Eric Kanefsky, Esq.

an improper venue for this case.  See 28 U.S.C. § 1391(b).  Further, because the interests of justice do not warrant transfer, the case will be dismissed.  See 28 U.S.C. § 1406(a).

I.  LEGAL STANDARD

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For all venue purposes—

(1) a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled;

(2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . .

28 U.S.C. § 1391(c).

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b).  If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)."  Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 56 (2013).  28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

**II.     DISCUSSION**

Here, venue is improper under § 1391(b)(1) because not all defendants reside in Massachusetts.  See [Compl. at 20–26 (alleging that Boston Partners and State Street are residents of Massachusetts but not making similar allegations regarding other defendants); ECF No. 43 at 7–11 (Mr. Kaul's admission that many of the defendants reside outside of Massachusetts)].  Additionally, venue is improper under § 1391(b)(2) because, although Mr. Kaul alleges that his application for a Massachusetts medical license was denied, [Compl. at 27],[2] that is the only allegation suggesting any connection between this suit and Massachusetts.  The overwhelming majority of his factual allegations relate to events and omissions occurring in New Jersey.  See [id. at 34–63].  Finally, venue is improper under § 1391(b)(3) because the case could be brought in another judicial district, namely the District of New Jersey.

Accordingly, having concluded that this is an improper venue, the Court must decide whether to dismiss the case or transfer it.  Atl. Marine, 571 U.S. at 56.  That decision is left to the Court's discretion.  See Gill v. Nakamura, No. 14-cv-13621, 2015 WL 5074475, at *6 (D. Mass. July 24, 2015) (citing Torres v. Hosp. San Cristobal, 831 F. Supp. 2d 540, 543 (D.P.R. 2011)), R&R adopted, Order, Gill v. Nakamura, No. 14-cv-13621 (D. Mass. Aug. 25, 2015), ECF No. 29.  "The Supreme Court has made clear that a venue transfer is ordinarily preferable to dismissal, both because it is more efficient and because it reduces the risk of undue prejudice to the plaintiff from having to file a new lawsuit."  Johnson v. Gen. Dynamics Info. Tech., Inc., 675 F. Supp. 2d 236, 242 (D.N.H. 2009) (citing Johnson v. Ry. Express Agency, Inc., 421 U.S. 454,

---

[2] Based on documents that Mr. Kaul filed in connection with his complaint, it would be more accurate to say that he asked whether he would be granted a license, did not receive a reply, and therefore concluded that he would have been denied one had he applied.  See [ECF No. 4 at 162–63].  In any event, even if Mr. Kaul ultimately applied and was rejected, that, alone, would be insufficient to make Massachusetts a proper venue.

466 n.12 (1975)).  "Dismissal is usually reserved for cases where the plaintiff intentionally filed his claim in the wrong venue or for an improper purpose, or where transfer would be futile because no better venue exists."  Id. at 242–43.  Generally, courts elect to dismiss rather than transfer only when the plaintiff engaged in tactical maneuvering to obtain a litigation advantage or otherwise abused the litigation process.  See, e.g., Pedzewick v. Foe, 963 F. Supp. 48, 50–52 (D. Mass. 1997) (dismissing where plaintiff sued in Massachusetts to circumvent Florida's statute of limitations).  The Court finds this to be the case here.

First, Mr. Kaul appears to be engaged in forum shopping.  Apparently dissatisfied with the judges in the District of New Jersey, over the past five years he has initiated lawsuits, based on the same underlying factual contentions, against many of the defendants in this case (and others), in various federal district courts around the country, including: (1) the Southern District of New York;[3] (2) the Northern District of Georgia;[4] (3) the District of Columbia;[5] (4) the

---

[3] See Compl., Kaul v. Christie, No. 18-cv-08086 (D.N.J. Apr. 9, 2018), ECF No. 2 (against Christie, Solomon, the NJBME, Kaufman, Staats, Przybylski, Allstate, Geico, Heary, Cohen, NJMG, Washburn, HUMC, Garrett, AHS, Crist, Stolz, Hafner, Diiorio, TD, and ASIPP).  The case was originally filed in the Southern District of New York and then transferred to the District of New Jersey.  See Transfer Order, Kaul v. Christie, No. 18-cv-08086 (D.N.J. Apr. 11, 2018), ECF No. 3.

[4] See Compl., Patel v. Crist, No. 19-cv-08946 (D.N.J. Feb. 5, 2019), ECF No. 1 (against Crist and Allstate).  The case was originally filed in the Northern District of Georgia and then transferred to the District of New Jersey.  See Order Directing the Clerk to Transfer Case, Patel v. Crist, No. 19-cv-08946 (D.N.J. Mar. 25, 2019), ECF No. 22.

[5] See Compl., Kaul v. Fed'n of State Med. Bds., No. 20-cv-18853 (D.N.J. Oct. 1, 2019), ECF No. 1 (against the NJBME, Christie, Solomon, Lomazow, Kaufman, Staats, Przybylski, Allstate, Geico, Heary, Cohen, NJMG, Washburn, HUMC, Garrett, AHS, CNS, ASIPP, Hafner, TD, Stolz, Diiorio, and Kanefsky).  The case was originally filed in the District of Columbia and then, at least as to certain defendants, transferred to the District of New Jersey.  See Minute Entry, Kaul v. Fed'n of State Med. Bds., No. 20-cv-18853 (D.N.J. Dec. 10, 2020), ECF No. 151.

Northern District of Texas;[6] (5) the Northern District of Illinois;[7] and (6) the District of Connecticut.[8] Mr. Kaul seems prepared to file essentially the same suit in any federal district court other than in New Jersey until he succeeds. In fact, based on the letter that Mr. Kaul sent to the Executive Director of the Massachusetts Board of Registration in Medicine, it appears as though Mr. Kaul applied (or contemplated applying) for a Massachusetts medical license with a specific eye toward manufacturing a way to litigate his claims here. See [ECF No. 4 at 162–63].[9] The Court can only conclude that he is seeking to avoid litigation in New Jersey, a forum

---

[6] See Compl., Kaul v. Fed'n of State Med. Bds., No. 21-cv-00057 (N.D. Tex. Jan. 11, 2021), ECF No. 3 (against the NJBME, Stolz, Kaufman, Hafner, Heary, Solomon, Allstate, Crist, and Geico).

[7] See Compl., Kaul v. Allstate Ins. Co., No. 21-cv-00736 (N.D. Ill. Feb. 5, 2021), ECF No. 1 (against Allstate and Geico).

[8] See Compl., Kaul v. Murphy, No. 21-cv-00439 (D. Conn. Mar. 30, 2021), ECF No. 1 (against Christie, the NJBME, Hafner, Kaufman, and Allstate). After the court *sua sponte* transferred the case to the District of New Jersey, see Order, Kaul v. Murphy, No. 21-cv-00439 (D. Conn. Apr. 23, 2021), ECF No. 18, Mr. Kaul voluntarily dismissed the case, see Notice, Kaul v. Murphy, No. 21-cv-00439 (D. Conn. Apr. 27, 2021), ECF No. 20.

[9] Specifically, Mr. Kaul's letter provides as follows:

> This preliminary request is made principally for the purpose of ascertaining the likelihood of obtaining a license in your state, but secondarily to establish whether the K5 defendants have caused me a "new racketeering injury" consequent to that illegal injury (revocation of New Jersey license on March 12, 2014) they caused by engaging in a "pattern of racketeering", as detailed in K5.
>
> If your response is anything other than I would be granted a license, it will constitute a "new racketeering injury", and will provide a legal basis for the submission in the United States District Court of a RICO claim. It will also constitute further evidence in K5 of the damages caused to my estate by the Defendants.
>
> Please note that if I receive no response by September 22. 2020, then this too will constitute a "new racketeering injury".

[ECF No. 4 at 163 (emphasis omitted)].

5

that he views as unfavorable.  Further, Mr. Kaul cannot plausibly plead ignorance regarding the venue rules given the number of other courts that have found improper venue and, as a result, transferred his case to New Jersey.

Second, based on Mr. Kaul's prior conduct, if the Court were to transfer the case to the District of New Jersey, Mr. Kaul would likely voluntarily dismiss the case (or abandon his prosecution of it) and then re-file elsewhere.[10]  Under these circumstances, the Court will not force Defendants to incur the additional defense costs that would result from such a transfer.[11]

Third, the complaint in this case is a 286-page document, accompanied by 484 pages of exhibits, that is the antithesis of the "short and plaint statement" required under the Federal Rules.[12]  See Fed. R. Civ. P. 8(a).  Among other deficiencies, it contains rambling quotes and excerpts from various sources, [Compl. at 9–19], spurious comparisons between the insurance industry, on the one hand, and Nazi Germany and slavery, on the other, [id. at 9]; see also [ECF No. 4-1 at 95–101], and difficult-to-follow references to Mr. Kaul's other pending litigations (and related documents), e.g., [Compl. at 117 (referencing the "Solomon Critique")].  Moreover, even setting aside the complaint's organizational flaws, Mr. Kaul's substantive allegations are

---

[10] During the course of litigating this case, Mr. Kaul has voluntarily dismissed cases pending in New Jersey.  See [ECF Nos. 47–48].

[11] The Court notes that although Mr. Kaul has managed to obtain *in forma pauperis* status in this and other litigations, the Defendants must pay their own way.  With each suit that Mr. Kaul files, the Defendants must expend time and resources obtaining local counsel and responding to Mr. Kaul's allegations.

[12] The court acknowledges that Mr. Kaul is proceeding *pro se*, which would ordinarily counsel in favor of applying the procedural rules in a slightly more lenient manner.  Given, however, that he has represented himself in more than a dozen similar lawsuits and seems to be engaging in strategic forum shopping, Mr. Kaul no longer merits much leniency.  In any event, even giving Mr. Kaul the benefit of the doubt, the complaint here is plainly noncompliant with Rule 8.

bizarre, far-fetched, and reliant on flawed premises.[13]  Accordingly, he is unlikely to be able to state a viable claim against any of the defendants even if the case were transferred.[14]

Finally, although one of the concerns underlying the general preference for transfer over dismissal is ensuring that plaintiffs are afforded an opportunity to have their claims decided on the merits, see Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962) (noting that § 1406(a) is designed to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits"), that concern is not implicated here.  Mr. Kaul has had ample opportunity to have his claims adjudicated on the merits in the District of New Jersey.  Moreover, whatever impediment there may be to an adjudication on the merits is the result of Mr. Kaul's own conduct.  Instead of engaging in orderly litigation in New Jersey, he has chosen to file cases in places with minimal ties to his claims, while repeatedly dismissing cases pending in New Jersey, the place where his claims actually belong, see [ECF Nos. 47–48; ECF No. 65-1 (listing voluntarily dismissed cases)].

## III.  CONCLUSION

For the reasons set forth above, the case is DISMISSED because the District of Massachusetts is an improper venue for this litigation and transfer would not be in the interests

---

[13] It appears that one of Mr. Kaul's tactics is to send a letter to someone alerting them to the alleged conspiracy (or asking them to disclaim involvement) and then, if the recipient does not respond, concluding that they are a participant in the conspiracy.  See [ECF No. 4 at 9 (letter from Mr. Kaul to Senator McConnell noting that because Senator Schumer did not respond to Mr. Kaul's letter, he was obstructing justice)].  Similarly, when Mr. Kaul became unhappy with how his cases were going in New Jersey, he sued the entire Newark division of the United States District Court for the District of New Jersey in his Texas lawsuit.  See Compl., Kaul v. Fed'n of State Med. Bds., No. 21-cv-00057 (N.D. Tex. Jan. 11, 2021), ECF No. 3 (naming the "United States District Court for the District of New Jersey, Newark" as a defendant).

[14] For instance, Mr. Kaul seemingly seeks to hold Boston Partners liable for Allstate's alleged misdeeds because it is an Allstate shareholder, see [Compl. at 21], but it is a basic tenet of corporate law that shareholders of public companies are generally insulated from liability.

of justice.  Accordingly, to the extent they are premised on improper venue, the pending motions, [ECF Nos. 27, 29, 38, 45, 54, 58, 61, 63, 66, 69], are GRANTED.  To the extent the motions are premised on any ground(s) other than improper venue, they are DENIED as moot.

    **SO ORDERED.**

July 30, 2021                                              /s/ Allison D. Burroughs
                                                     ALLISON D. BURROUGHS
                                                     U.S. DISTRICT JUDGE